*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-177

FEBRUARY TERM, 2016

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Ray McKinstry | } DOCKET NO. 790-8-14 Wncr |

Trial Judge: Howard Kalfus, Acting
Superior Judge, Specially Assigned

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of violating a relief-from-abuse (RFA) order, arguing that the evidence was insufficient to support the verdict.  We affirm.

In October 2013, the trial court issued a final RFA order against defendant.  The complainant in the RFA action has a child with defendant.  The RFA order found that defendant had abused the complainant and placed her in fear of imminent serious physical harm, and directed defendant to refrain from having contact, either personally or through a third party, with the complainant and to not come within 300 feet of her or her residence.

In August 2014, defendant was charged with violating the RFA.  The State alleged two main bases for violation of the order.  First, the State alleged that defendant had third-party contact with the complainant when he transported a friend to the area near the complainant's residence with the knowledge that the friend intended to confront the complainant about defendant's daughter and defendant's suspicions that the complainant had vandalized his car.  Second, the State alleged that when defendant drove the friend to the complainant's home, he came within 300 feet of the residence.

A jury trial was held.  The complainant did not appear, and the State presented testimony from one witness—the police sergeant, who was dispatched to the complainant's residence following her complaint to police in May 2014.  The sergeant testified that in the course of his investigation he interviewed defendant and defendant reported that he spoke to his friend about his car being vandalized and about his trouble seeing the child he shared with the complainant. Defendant told the sergeant that the friend requested a ride to the complainant's residence and defendant drove the friend to the Allen Lumber parking lot and later picked up the friend in the Dollar General parking lot.  State submitted an exhibit, which the sergeant identified as a satellite image depicting the complainant's apartment and a Dollar General parking lot across the street. The sergeant testified that he measured the distance from the complainant's residence to the Dollar General parking lot and it measured 130 feet to the entrance and 213 feet to the furthest

point. On cross-examination, the sergeant acknowledged that he had not measured the distance to all points in the parking lot and could not conclusively answer whether those points were any farther away than the distance he measured at the back of the parking lot. The court admitted a copy of the RFA and defendant's sworn statement admitting that he drove his friend to the Allen Lumber near the complainant's apartment, that he heard the friend ask the complainant about the damage to defendant's vehicle and convey that defendant wanted to see his child, and that he picked up the friend in the Dollar General parking lot.

At the close of the State's case, defendant moved for a judgment of acquittal, arguing that the State failed to establish that defendant came within 300 feet of the complainant's residence or that he had third-party contact with the complainant. The court denied the motion. Defendant did not testify or present any evidence. The jury returned a guilty verdict. Defendant appeals.

On appeal, defendant argues that the evidence is insufficient to show that he violated the RFA order and, therefore, that the court erred in denying his motion for acquittal. "In reviewing the denial of defendant's motion for judgment of acquittal, we consider whether the evidence, taken in a light most favorable to the State and excluding modifying evidence, is sufficient to fairly and reasonably support a finding of guilt beyond a reasonable doubt." State v. Brooks, 163 Vt. 245, 254-55 (1995). A judgment of acquittal "is proper only if the prosecution has failed to put forth any evidence to substantiate a jury verdict." State v. Couture, 169 Vt. 222, 226 (1999).

Defendant first argues that there was insufficient evidence to establish that he violated the RFA order by coming within 300 feet of the complainant's home because no conclusive evidence established either the distance from complainant's home to all points in the parking lot or where exactly in the parking lot defendant's vehicle had been. The evidence, viewed in the light most favorable to the State, demonstrated the following. Defendant entered, exited, and picked up his friend in the Dollar General parking lot. The entrance to the parking lot and the back of the parking lot were between 130 and 213 feet from the complainant's home. There were points in the parking lot not measured, but there was no conclusive evidence to establish whether those points were farther away from the point at back of the parking lot measured by the sergeant. The jury was free to credit the sergeant's testimony regarding the distances and make a reasonable inference from the testimony that defendant had indeed been within 300 feet of the complainant's residence when he entered, exited, or waited in the parking lot. Although the sergeant had not measured and was unsure if other points were farther away than the distances he measured, resolving this was a matter within the province of the jury as factfinder. See State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487 (explaining that questions of weight and credibility are reserved for jury as factfinder).

Defendant also argues that the evidence was insufficient to convict him of violating the no-third-party contact provision because there was no evidence that he asked the friend to go to the complainant's apartment and speak to the complainant on his behalf. The evidence submitted at trial included the following: after a conversation with defendant about vandalism to defendant's car, defendant's friend asked for a ride to the complainant's home; the friend confronted the complainant about the vandalism and about defendant's child; defendant listened to the conversation on a speaker phone; and defendant drove his friend to and from the complainant's residence. Although no direct evidence demonstrated that defendant asked the friend to speak to the complainant on his behalf, there was sufficient evidence for the jury to reasonably infer that defendant intended his friend to speak with the complainant on his behalf.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice